IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALAN HEADMAN,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL MARION NELSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PRETRIAL MOTION FOR CHANGE OF VENUE, CONSTITUTIONAL CHALLENGE (DOC NO. 19)**<br><br>Case No. 2:20-cv-00115-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se Plaintiff Alan Headman's Pretrial Motion for Change of Venue, Constitutional Challenge ("Mot.," Doc. No. 19). For the reasons set forth below, the court DENIES the motion.

## BACKGROUND

Mr. Headman brought this action against Russell Marion Nelson, as President of the Church of Jesus Christ of Latter-Day Saints ("the Church"), following the denial of Mr. Headman's request for modification of his alimony obligation in his state court divorce case. (*See* Compl. ¶ 7, Doc. No. 1; *see also* Ex. B to Mot. to Dismiss, Order on Bench Trial March 27, 2019 (Case No. 114901377, Utah Third District Court), Doc. No. 11-2.) He alleges the Utah state courts provided an "inadequate" legal forum and denied him due process of law. (Compl. ¶ 7, Doc. No. 1.) Mr. Headman claims Mr. Nelson and/or the Church controls the state court system and is "breaching the separation of church and state." (*Id.* at 2.) He also challenges the Church's "temple recommend" question asking for certification that he is current in meeting obligations to his former spouse, asserting it "demonstrates an inappropriate relationship between

1

church and state and demonstrates an inadequate forum administered by the Utah Court System."

(*Id.* at 3 & ¶ 37.)

## DISCUSSION

Mr. Headman moves for a change of venue pursuant to 28 U.S.C. § 1404(a) and requests the case be transferred to the District of Minnesota. (Mot. 3–4, Doc. No. 19.) He argues a change of venue is warranted due to the "potential bias of the Utah Judiciary and the Utah Jury population base." (*Id.* at 3.)

In opposition, Mr. Nelson argues the District of Utah is the only proper venue for this matter because Mr. Nelson resides here and all of the operative facts underlying Mr. Headman's claims occurred in Utah. (Opp'n to Mot. for Change of Venue 1, Doc. No. 21.) Mr. Nelson also asserts the interest of justice and the convenience of the parties and witnesses weigh against a transfer to the District of Minnesota. (*Id.* at 1–2.)

Section 1404 of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1391 governs venue of civil cases and provides, as relevant here:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b).

Mr. Headman argues 28 U.S.C. § 1404(a) is unconstitutional to the extent it requires the new district to be a district where the action might have been brought or to which the parties have

2

consented.  (Mot. 5, Doc. No. 19.)  He contends these requirements would restrict venue to a

"location that has a historical religious bias, of at times 100% of all Judges, and currently has a

strong prima facie bias within [the] sitting Federal Judiciary."  (Reply Mem. in Support of Pl.'s

Mot. for Change of Venue 4, Doc. No. 23.)

Mr. Headman's allegations of bias are conclusory.  As such, they are insufficient to show

any judge, much less every judge in this district, should be disqualified.  Similarly, these bare

allegations do not show Mr. Headman's constitutional rights have been implicated.  *See Caperton

v. A. T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) ("[M]ost matters relating to judicial

disqualification [do] not rise to a constitutional level." (second alteration in original) (internal

quotation marks omitted)).  And where Mr. Headman provides no authority to support his position

that section 1404 is unconstitutional, his constitutional challenge to this statute fails.

Applying 28 U.S.C. § 1404(a), Mr. Headman has failed to demonstrate venue would be

proper in any district outside of Utah.  Mr. Nelson, the only named defendant, claims residence in

Utah, (Opp'n 1, Doc. No. 21), and Mr. Headman has not shown otherwise.  None of Mr.

Headman's allegations relate to events or omissions occurring outside of Utah.  Instead, his

claims relate to his divorce case, which occurred in Utah.  (*See* Compl. ¶¶ 6–33, Doc. No. 1.)

Indeed, Mr. Headman himself asserts in his Complaint that the "events giving rise to the dispute

occurred in this district."  (*Id.* ¶ 4.)  Moreover, Mr. Headman has not established all parties have

consented to have the case heard in another district.  As set forth in the opposition, Mr. Nelson

does not consent to a change of venue.  (Opp'n 1–2, Doc. No. 21.)  Thus, Mr. Headman has failed

to demonstrate the requirements for venue under 28 U.S.C. § 1391(b) are met in any other district.

Accordingly, Mr. Headman has failed to propose any district outside of Utah "where [the case] might have been brought or . . . to which all parties have consented" as required for a transfer of venue under 28 U.S.C. § 1404(a).

## CONCLUSION

For these reasons, Mr. Headman's motion for change of venue (Doc. No. 19) is DENIED.

DATED this 5th day of November, 2020.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge